JULIE RANEY (SBN 176060)
PATRICK HOLSTINE (SBN 253292)
McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
555 Capitol Mall, 9th Floor
Sacramento, CA  95814
Phone: 916.444.3900
Fax:    916.444.3249

Attorneys for Defendants John Muir Health and
John Muir Medical Foundation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS TORRES,<br><br>                   Plaintiff,<br><br>        v.<br><br>JOHN MUIR HEALTH,<br>JOHN MUIR MEDICAL FOUNDATION,<br><br>                   Defendants. | Case No. C 08-0237<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

Defendants John Muir Health and John Muir Medical Foundation ("Defendants") answer the Complaint as follows:

1.      In answer to paragraph 1 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and on that basis deny them.

2.      In answer to paragraph 2 of the Complaint, Defendants admit that John Muir Hospital, now known as John Muir Medical Center – Walnut Creek Campus ("Hospital") is located at 1601 Ygnacio Valley Road, Walnut Creek, California.  Defendants admit that it is a hospital which is open to the public.  Defendants admit that John Muir Health owns and operates John Muir Hospital.  Defendants deny that John Muir Medical Foundation, now known as John Muir Physician Network, owns or operates John Muir Hospital.  Except as specifically admitted, Defendants deny all remaining allegations in Paragraph 2 of the Complaint.



DEFENDANTS' ANSWER TO COMPLAINT                                                                                1089932v4 36136/0002

1      3.    In answer to paragraph 3 of the Complaint, Defendants admit that Plaintiff seeks the relief alleged but deny that Plaintiff is entitled to such relief. Defendants deny all remaining allegations in Paragraph 3 of the Complaint.

    4.    In answer to paragraph 4 of the Complaint, Defendants admit that this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331. Defendants deny that this Court should exercise supplemental jurisdiction over the state law claims.

    5.    In answer to paragraph 5 of the Complaint, Defendants admit that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

    6.    In answer to paragraph 6 of the Complaint, Defendants admit that this case should be assigned to the San Francisco intradistrict.

    7.    In answer to paragraph 7 of the Complaint, Defendants admit that the Hospital is a public accommodation.

    8.    There is no response required to paragraph 8 of the Complaint as it contains no factual allegations.

    9.    In answer to paragraph 9 of the Complaint, Defendants admit that John Muir Health is the owner and operator of the subject Hospital at all times relevant herein. Defendants deny all remaining allegations in Paragraph 9 of the Complaint.

    10.    In answer to paragraph 10 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff and others similarly situated are disabled persons who require the use of a wheelchair and on that basis deny it. Plaintiff's statement that Defendants were required to comply with the provisions of the Americans with Disabilities Act ("ADA") under Civil Code §§ 51 and 54.1 calls for a legal conclusion but Defendants deny any non-compliance. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that the acts and omissions of which Plaintiff complains took place at the Hospital and on that basis deny it. Defendants deny all remaining allegations in Paragraph 10 of the Complaint.

/ / /

/ / /

DEFENDANTS' ANSWER TO COMPLAINT    1089932v4 36136/0002

11. Defendants cannot answer the allegations of Paragraph 11 of the Complaint because they are statements of law and legal conclusions and opinions rather than factual allegations, but should any answer be required, Defendants deny the allegations of this paragraph.

12. Defendants cannot answer the allegations of Paragraph 12 of the Complaint because they are statements of law and legal conclusions and opinions rather than factual allegations, but should any answer be required, Defendants deny the allegations of this paragraph.

13. In answer to paragraph 13 of the Complaint, Plaintiff's statement that the ADA requires elevators beep at each floor as they go up and down calls for a legal conclusion. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that this assists visually impaired people in knowing when to exit the elevator and on that basis deny it. Defendants admit that some of the elevators at the Hospital provide an audible signal at each floor while others do not. Plaintiff's statement that the ADA requires Braille tactile identification signs calls for a legal conclusion. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that none of these permanent signs have accompanying tactile signs and on that basis deny it. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff rode the elevator and was required to ask others when to get off on each of the dates Plaintiff went to the Hospital in connection with the birth of and caring for his son and on that basis deny them. Defendants deny the allegation that on those dates Plaintiff was subjected to barriers caused by the absence of tactile signs. Defendants deny all remaining allegations in Paragraph 13 of the Complaint.

14. In answer to paragraph 14 of the Complaint, Defendants deny the allegations of Paragraph 14 of the Complaint.

15. In answer to paragraph 15 of the Complaint, Defendants deny that Plaintiff is entitled to injunctive relief. Defendants deny that Plaintiff and/or others similarly situated have been wrongfully excluded from using the Hospital. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff will continue to patronize the Hospital into the future and on that basis deny it. Defendants deny all remaining allegations of Paragraph 15 of the Complaint.

DEFENDANTS' ANSWER TO COMPLAINT                                          1089932v4 36136/0002

1   16.  In answer to paragraph 16 of the Complaint, Defendants deny that Plaintiff suffered a violation of Civil Rights and/or suffered mental and emotional distress.  Defendants deny discriminating against the Plaintiff.  Defendants deny that Plaintiff is entitled to any such relief.  Defendants deny all remaining allegations in Paragraph 16 of the Complaint.

17.  In answer to paragraph 17 of the Complaint, Defendants deny all allegations of Paragraph 17 of the Complaint.

18.  In answer to paragraph 18 of the Complaint, Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph 18 of the Complaint.

19.  In answer to paragraph 19 of the Complaint, Defendants incorporate their responses to Paragraphs 1 through 18 above, as though fully set forth herein.

20.  Defendants cannot answer the allegations of Paragraph 20 of the Complaint because they are a recitation of law not requiring a response but should any answer be required, Defendants deny the allegations of this paragraph.

21.  Defendants cannot answer the allegations of Paragraph 21 of the Complaint because they are a recitation of law not requiring a response but should any answer be required, Defendants deny the allegations of this paragraph.

22.  Defendants cannot answer the allegations of Paragraph 22 of the Complaint because they are a recitation of law not requiring a response but should any answer be required, Defendants deny the allegations of this paragraph.

23.  Defendants cannot answer the allegations of Paragraph 23 of the Complaint because they are a recitation of law not requiring a response but should any answer be required, Defendants deny the allegations of this paragraph.

24.  Defendants cannot answer the allegations of Paragraph 24 of the Complaint because they are a recitation of law not requiring a response but should any answer be required, Defendants deny the allegations of this paragraph.

25.  In answer to paragraph 25 of the Complaint, Defendants deny the allegations of Paragraph 25 of the Complaint.

/ / /

Case 3:08-cv-00237-EMC   Document 9   Filed 04/18/2008   Page 5 of 8

26. In answer to paragraph 26 of the Complaint, Defendants deny that the Plaintiff is entitled to any of the relief requested. Defendants deny that Plaintiff is being subjected to discrimination. Defendants deny that they have continued to violate the law and deny the rights of Plaintiff and of other disabled persons. Defendants cannot answer the remaining allegations of Paragraph 26 of the Complaint because they are a recitation of law not requiring a response but should any answer be required, Defendants deny the remaining allegations of this paragraph.

27. In answer to paragraph 27 of the Complaint, Defendants deny that Plaintiff is entitled to any of the relief requested. Defendants deny that Plaintiff is being subjected to discrimination. Defendants deny all remaining allegations in Paragraph 27 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each purported claim for relief therein, fails to state facts sufficient to constitute a claim for relief against Defendants.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if in fact any damages have been or will be sustained by him, and any recovery must be barred or diminished accordingly.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff did not exercise ordinary care, caution, and prudence in connection with the transactions and events alleged within the Complaint, and Plaintiff is therefore barred entirely from any recovery against Defendants or, alternatively, Plaintiff should have his recovery, if any, proportionately reduced.

### FOURTH AFFIRMATIVE DEFENSE

Any injury or damage which may have been sustained by Plaintiff were proximately caused by the acts, errors, or omissions of persons or entities other than Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Defendants were privileged and justified to undertake the actions alleged in the Complaint.

/ / /

/ / /



DEFENDANTS' ANSWER TO COMPLAINT                         1089932v4 36136/0002

**SIXTH AFFIRMATIVE DEFENSE**

By Plaintiff's conduct, representations, and omissions, Plaintiff has waived, relinquished and/or abandoned, and is equitably estopped to assert, any claim for relief against Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

No act, omission, or representation of Defendants, if any, was the cause in fact or the proximate cause of Plaintiff's damages, if any.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint and each purported cause of action alleged therein against Defendants fail to allege facts sufficient to allow recovery of punitive or exemplary damages from Defendants.

**NINTH AFFIRMATIVE DEFENSE**

Defendants have fully performed any and all contractual, statutory, and other duties to Plaintiff, and Plaintiff is therefore estopped to assert any cause of action against Defendants.

**TENTH AFFIRMATIVE DEFENSE**

Without the use of eligibility criteria, if any, or by making the modifications demanded by Plaintiff, the nature of the goods, services, facility, privilege, advantage, or accommodation offered by Defendants would be fundamentally altered.

**ELEVENTH AFFIRMATIVE DEFENSE**

The design, construction, and all dimensions of the complex conform to permissible dimensional tolerances.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants are not required to permit Plaintiff to participate in the goods, services, facilities, privileges, advantages, or accommodations of Defendants because Plaintiff poses a direct threat to the health and safety of others.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by res judicata and/or collateral estoppel.

/ / /

/ / /

/ / /



**FOURTEENTH AFFIRMATIVE DEFENSE**

By his own acts and conduct, Plaintiff proximately caused and/or contributed to the damages complained of, and the liability of Defendants, if any, for purported damages suffered by Plaintiff, if any, must be reduced in an amount proportionate to Plaintiff's fault.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Pursuant to FRCP 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were unavailable, after reasonable investigation, upon the filing of Defendants' Answer. Therefore, Defendants reserve the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendants assert that the Complaint is replete with allegations that are vague, argumentative, and conclusory in nature and require no responsive pleading under the Federal Rules of Civil Procedure. All such allegations are denied.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendants assert that the Complaint is replete with allegations dealing with conclusions of law, which require no responsive pleading under the Federal Rules of Civil Procedure, and are therefore, denied.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to exhaust applicable administrative state remedies.

**NINETEENTH AFFIRMATIVE DEFENSE**

At all times concerned with this litigation, Defendants acted in a manner which was proper, reasonable, lawful, and in the exercise of good faith.

**TWENTIETH AFFIRMATIVE DEFENSE**

Any criteria tending to exclude the disabled are unintentional and necessary or incidental to Defendants' provisions of goods or services.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The removal of architectural barriers, if any, is not readily achievable and/or would impose an undue burden on Defendants, or pose dangerous conditions to occupants. Moreover, Defendants

are informed and believe that alternative methods of providing access by equivalent facilitation or otherwise are utilized to the maximum extent feasible.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The provision of alternative methods for removal of architectural barriers, if any, is not readily achievable, unsafe, and/or would impose an undue burden on Defendants.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

All modifications, including provision of auxiliary aids, requested by Plaintiff are not readily achievable, unsafe, and/or would impose an undue burden on Defendants.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants are exempt from compliance with the statutes and/or regulations sought to be enforced by Plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of the risk.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

By his own acts and conduct, Plaintiff proximately caused and/or contributed to the damages complained of, and the liability of Defendants, if any, for purported damages suffered by Plaintiff, if any, must be reduced in an amount proportionate to Plaintiff's fault.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks Article III standing as to each and every claim for relief pleaded herein.

WHEREFORE, Defendants pray judgment against Plaintiff as follows:

1. That Plaintiff be afforded no relief and take nothing by this Complaint.

2. Cost and expenses incurred in connection with this action, including reasonable attorneys' fees.

3. Any other and further relief that the Court deems just and equitable.

DATED: April 18, 2008          McDONOUGH HOLLAND & ALLEN PC
                               Attorneys at Law

                               By: _____/s/ Julie Raney_____
                                   JULIE RANEY
                               Attorneys for Defendants John Muir Health and John Muir Medical Foundation

